### Jules Schneider et al. v. Leonard Sellers et al.

#### Decided December 8, 1900.

**1.—Judgment—Collateral Attack—Trespass to Try Title.**

Where, in a suit of trespass to try title, the plaintiffs sought, on the ground of fraud, to set aside certain partition judgments affecting their title to the land, and all parties to such judgments were made parties to the suit, as also subsequent purchasers of the land claiming under the partition and the court in which the suit was brought had rendered the partition judgments and had jurisdiction to set them aside, the attack so made on the judgments was a direct and not a collateral one, and the action such a one as plaintiffs were entitled to maintain.

**2.—Same—Fraud—Minor Heirs.**

Plaintiffs, suing to set aside a judgment of partition between themselves, as minor heirs of their deceased father, and their mother, alleged that the property partitioned was the separate estate of their father; that after their father's death their mother married again, and that they were in the care, custody and control of their stepfather at the time the partition judgment was rendered; that both their mother and stepfather knew that the land was separate and not community property, and fraudulently withheld the facts from the court; and that those of the defendants now claiming under the judgment as purchasers had notice of the fraud. Held, that the allegations stated sufficient grounds for vacating the judgment as to all the defendants.

**3.—Plea of Privilege—Fraudulent Conversion—Venue.**

Plaintiffs sued in the county where the land lay for recovery thereof, with an alternative plea in tort for damages for a fraudulent conversion of the land by certain of the defendants, residing in another county, who, as against such claim for damages, pleaded their right to be sued in the county of their residence, but did not negative the fact that the conversion, or fraudulent sale of the land by them, was made in the county where suit was brought. Held, that the plea of privilege was properly overruled.

**4.—Misjoinder of Actions—Alternative Plea.**

That plaintiff in trespass to try title pleads in the alternative for damages for a fraudulent conversion of the land by defendant in selling it to another, does not constitute a misjoinder of actions.

**5.—Mortgage of Wife's Separate Property to Secure Community Debt.**

Where the wife joins with the husband in a mortgage of community property and of her separate estate to secure a debt of his, or of the community, she is entitled to have the community property first exhausted before resort can be had to her separate property; and in such a case parties claiming the separate

property through a conveyance from the wife have ground for relief against the mortgage incumbrance where the creditors secured by it permit the community property to be squandered by the husband's other creditors and otherwise, though notified to foreclose.

**6.—Presumption of Community Property—Innocent Purchaser.**

The presumption of law is that land deeded to a husband after marriage is community property, and one who purchases it on the faith of that presumption, and without notice that it is in fact separate property, is entitled to protection.

**7.—Failure of Consideration—Mortgage—Surety.**

Where, as part consideration for a mortgage, the mortgagees agreed to advance to the mortgagor $1000 to be used by him in trading, and did advance $500 thereof, but were never called on by him for the balance, his wife, a party to the mortgage because her separate property was included therein as security for his debt, had no ground for avoiding the instrument because of failure of consideration.

**8.—Notice to Mortgagee to Foreclose—Wife's Property as Security.**

It seems that where, in a joint mortgage by husband and wife, the wife's separate property, as security for the husband's debt, is included along with community property by the husband alone to the mortgagee creditor, requiring him to foreclose his lien, but making no mention in the notice of the interest of the wife, is sufficient to require the creditor to first exhaust the community property before he can resort to the separate property of the wife.

**9.—Subrogation—Paying Off Prior Lien.**

Where parties purchasing land under a foreclosure of their mortgage lien thereon, in order to protect their title pay off another lien on the land superior to their own, they are not mere volunteers in making such payment, and are entitled to be subrogated to the rights of the holder of the lien so discharged.

Appeal from Ellis. Tried below before Hon. J. E. Dillard.

*Templeton & Harding* and *W. P. Ellison* for appellants.

*Sims & Snodgrass,* for appellees.

RAINEY, CHIEF JUSTICE.—This suit was instituted by plaintiffs against W. C. Walker and wife, Sarah E. Walker, Jules Schneider, Alfred Davis, and the Schneider-Davis Company, a private corporation. The object of the suit is to recover a certain tract of land situated in Ellis County, which it is claimed plaintiffs inherited from their father, Teole Sellers; and a direct attack is made upon two judgments of the District Court of Ellis County partitioning the estate of Teole Sellers between plaintiffs and Sarah E. Walker, the surviving widow of said Teole Sellers, who, after the death of said Sellers, intermarried with said W. C. Walker. Various grounds are urged why said judgments should be held void.

It was alleged that Schneider & Davis had bought the land set apart to Mrs. Walker under a sale by virtue of a deed of trust executed to them by Walker and wife, and that same had been deeded by Schneider & Davis to said Schneider-Davis Company, in fraud of plaintiffs' rights, and plaintiffs pray for damages, etc.

Defendants, Schneider and Davis and the Schneider-Davis Company, plead a general demurrer, a number of special exceptions, general denial,

the five years statute of limitation, and that they were innocent purchasers, etc., and also the payment by them of a certain incumbrance on the land given by Walker and wife to the guardians of plaintiffs.

In reply to said answer plaintiffs plead their minority and the coverture of Mrs. Walker, denying that Schneider & Davis and said company were innocent purchasers. That the deed of trust given by W. C. Walker and Sarah E. Walker to Schneider and Davis included certain personal property which was of value more than sufficient to pay off and discharge the debt secured, and that by their gross negligence they permitted said personal property to be squandered and lost, by which the lien upon the land was released, it being the separate property of Mrs. Walker, and stood only as surety, and that the sale of the land under the trust deed was, as to Mrs. Walker, void and of no force, the same having been bid in by said Schneider & Davis. That the sale to Schneider-Davis Company was fictitious and fraudulent. It was further alleged that W. C. and S. E. Walker had conveyed said land to plaintiffs, and assigned to them all claims for damages against said Schneider & Davis growing out of said transaction.

In reply to this last supplemental petition of plaintiffs, defendants plead a general exception, several special exceptions, the statute of two years limitation to the claim for damages, general denial and various special answers. Special issues were submitted to the jury, and upon the findings a judgment for the land was entered for plaintiffs.

Appellants, by exceptions to plaintiffs' petition, which the court overruled, and which action of the court is here complained of, questioned the right of plaintiffs to prosecute in this suit an action for the recovery of the land and to set aside, for fraud, certain judgments affecting the title to said land; the contention being that as third parties have become possessed of said land, such an attack upon the judgments is collateral, although made in the court rendering same, and further, that a suit attacking a judgment for fraud can only be maintained against the parties to the judgment, or at least to the fraud.

We are of the opinion that the court properly overruled defendants' exceptions in this particular. It is true that the main object of the suit is a recovery of the land in controversy, but before a recovery could be had, it was essential that the judgments should be set aside, for if they stand plaintiffs can not recover as heirs of their father. A direct attack is made upon the judgments in this suit. All the parties to said judgments are made parties to this proceeding, and as Schneider & Davis and the Schneider-Davis Company claim through said judgments, it was proper to litigate their validity in this proceeding, and such an attack can not be held to be collateral. Heidenheimer v. Loring, 6 Texas Civ. App., 560.

In the case of Crawford v. McDonald, 88 Texas, 626, Justice Denman clearly makes the distinction between a direct and collateral attack upon a judgment. He says a direct attack "is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding

instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, injunction to restrain its execution, etc." A collateral attack "is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness; or where, in a suit to try title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effects, etc."

This action partakes of a dual character. While the main object is to recover the land, it at the same times makes a direct attack to vacate the judgment through which Schneider & Davis and the Schneider-Davis Company claim the land as innocent purchasers. In order to affect defendants' claim to the land, it was necessary to make them parties to the action to vacate said judgments. This being so, we see no good reason under our system of practice why in the same action the title to the land and the validity of the judgments should not be adjudicated, all those interested being parties to the suit, and the judgments having been rendered by the tribunal in which the suit is instituted and having full and complete jurisdiction of all the matters sought to be adjudicated. Had plaintiffs brought an action of trespass to try title and not made an attack upon the judgments, then they could not show the invalidity of the judgments, unless they appeared to be void on their face.

The court overruled defendants' exception to plaintiffs' petition which assailed the petition on the ground that it did not show sufficient facts to avoid said judgments. It alleges, in substance, that plaintiffs were the children of Teole Sellers and S. E. Sellers; that after the death of Teole Sellers, S. E. Sellers married W. C. Walker; that plaintiffs were minors, and in the care, custody, and control of said S. E. Walker and husband, W. C. Walker, at the time of the rendition of said judgments; that said Walkers knew that said land was the separate property of said Teole Sellers, and was not the community property of said Sellers and the said S. E. Walker, and that they, the said Walkers, fraudulently withheld the facts from the court, etc.

Notice of the fraud on the part of Schneider & Davis is also alleged. We are of opinion that, owing to the relation existing between the plaintiffs and the Walkers, it was incumbent on them to at least not take advantage of the plaintiffs' condition, and the allegations stated sufficient grounds for vacating the judgments as to the Walkers, and also as to Schneider & Davis, it being alleged that they had notice of the fraud.

The plaintiffs by amended petition set up in addition to their claim to the land as heirs of Teole Sellers a claim to the land by conveyance to them from S. E. Walker, and also charged that Schneider & Davis had fraudulently converted the land by selling same, and prayed in the alternative for the value of the land, if the land itself could not be recovered. The defendants, Schneider & Davis, and Schneider-Davis Company, plead their residence in Dallas County, that the alternative

plea for damages sought to recover for a tort, and that they were entitled to be sued in the county of their residence. The plea of privilege was overruled, and is here assigned as error. The land in controversy is situated in Ellis County, where the suit was brought, and in order for said plea to prevail, it should have negatived the fact that the conversion, or rather the sale of the land, was made in said county. This it does not do. Boothe v. Feist, 80 Texas, 141.

We do not consider that there is any merit in defendants' exception that the plea for damages in the alternative in this suit was not permissible, as it would constitute a misjoinder of actions.

The court overruled defendants' exception to that portion of plaintiffs' petition which alleges the sale of the land under the trust deed to be void in that the land was a mere security, and Schneider & Davis were bound to exhaust the personal property in the payment of their debt before resorting to the land for that purpose, said personal property being community property; that said Schneider & Davis had permitted said personal property to be squandered by the creditors of W. C. Walker and otherwise, though they had been notified to foreclose upon said personal property but failed to do so, and that by reason of such failure said property had been squandered and said Schneider & Davis, by their wrongful and fraudulent acts in refusing and failing, though requested, to realize upon same, released said land of said S. E. Walker, which stood in relation of surety for the debt; that said Walker, joined by her husband, had conveyed said land to plaintiffs, and at the same time assigned to plaintiffs all her right of action for damages, etc., arising from the sale and appropriation of said land by said Schneider & Davis under said deed of trust, etc.

The ground for exception was, in substance, that said property, being community property, was taken to pay community debts, and S. E. Walker would not be heard to complain if said property was so appropriated. Where the husband and wife execute a deed of trust conveying community property and also separate property of the wife to secure the debt of the husband, the wife is entitled to have the community property first exhausted before resort to her separate property is had to pay such debt. James v. Jacques, 26 Texas, 320. The allegations charge such laches on the part of Schneider & Davis as, if true, constitute cause for relief. The exception was properly overruled.

There are various other assignments which we deem unnecessary to discuss in detail, but the material questions raised will be treated under the assignment that the judgment is contrary to the law and evidence.

The evidence shows that the plaintiffs were the children of Teole Sellers and wife S. E. Sellers, who, after Teole Sellers' death, married W. C. Walker, and that the land in controversy was the separate property of Teole Sellers. This being so, plaintiffs inherited said land, subject, of course, to the surviving spouse's interest under the law, which it is unnecessary to notice here. After the death of Teole Sellers and after the marriage of the surviving wife to W. C. Walker, suit was brought in the

District Court of Ellis County in behalf of these plaintiffs by Wade H. House, as next friend, against S. E. Walker and her husband, W. C. Walker, in which the court determined that the land in controversy was a part of the community property of Teole Sellers and his wife. But as a part of said land, to wit, 200 acres, constituted the homestead, no partition was made of this 200 acres. Subsequently Bascom McDaniel, who was appointed guardian of these plaintiffs, brought suit as such in said District County against said S. E. Walker and her husband, seeking a partition of said 200 acres between plaintiffs and said Walkers. The court entered judgment upon an agreement between said guardian and the attorneys of said Walkers by which the land in controversy, 100 acres, was set apart to said S. E. Walker, and the other 100 acres was set apart to plaintiffs.

Appellees insist that these judgments are void for various reasons which appear from the record thereof, and that same do not support Schneider & Davis' claim of innocent purchasers. The judgments were rendered by a court of competent jurisdiction in suits brought by parties who were authorized by law to represent the minors, and there is nothing appearing from the face of the record to put Schneider & Davis upon notice of any fraud. There is no evidence to show that they had notice of any fraud in the procurement of same, and the jury found that at the time they took the deed of trust they did not have notice of any fraud. The deed to the land was made to Teole Sellers after his marriage, and the presumption of law is that it was community property. Besides, the first judgment of the District Court of Ellis County adjudged it to be community property of said Sellers and wife. Schneider & Davis not having notice of fraud, or of any fact to put them on notice, we hold that they are protected in their purchase of the land under said trust deed, and entitled to recover unless, by their conduct subsequent to the execution of the deed of trust and prior to the sale thereunder, their lien on said land was released. The evidence was sufficient to warrant the court in vacating said judgments as to the Walkers, but as the fraud in procuring the same appears from evidence dehors the record, Schneider & Davis are not affected thereby, they not having notice of the fraud.

It is also urged by appellees that there was a failure of consideration for the execution of the deed of trust, in that Schneider & Davis, in order to get a pre-existing debt due them by W. C. Walker secured, agreed to advance said Walker $1000 with which to buy cattle, and that upon the faith of said agreement S. E. Walker was induced to execute said deed of trust, but that Schneider & Davis failed to advance said sum as agreed upon.

It does appear from the evidence that the agreement was made as stated, but as to the amount advanced there is some conflict in the evidence. The jury found that $500 was advanced, and this, we think, is supported by the evidence. We also think the evidence shows that

Schneider & Davis were ready to advance the balance for the purpose of buying cattle as per the agreement, but that a trade W. C. Walker had pending for the purchase of cattle fell through, and he could not use the balance for that purpose. At least the evidence fails to show any demand on Schneider & Davis for said balance to be used for that purpose, or that said Schneider & Davis ever refused to advance said balance for the purpose stated in the agreement. Under the facts we are of the opinion that a consideration passed, and that S. E. Walker is in no condition to complain, for it does not appear to be the fault of Schneider & Davis that W. C. Walker did not see proper to or could not invest the balance in cattle.

We will now consider the proposition that the evidence fails to show that Schneider & Davis, by their conduct and laches in dealing with the personal property, released the lien upon the land. It appears from the evidence that some time after the execution of the deed of trust, and after the maturity of the debt it was given to secure, Walker's creditors were levying executions on the personal property covered by the deed of trust to pay the community debts of Walker and wife. W. C. Walker notified Schneider & Davis in writing that said property was being thus disposed of, and urged a foreclosure of their lien. It is stated by Walker that this notice was to protect his wife's land, though this object was not stated in the notice to Schneider & Davis, and it was shown that the personal property was of sufficient value to have paid off the debt due Schneider & Davis. They took no action in the premises, and the most of said property was finally appropriated by other creditors. It is contended by appellee that Schneider & Davis' conduct in the respect stated had the effect to release the land from the lien, and that the sale of same under the trust deed was of no force. It is insisted on the other hand that the notice given by Walker was not sufficient to inform Schneider & Davis that it was intended for the protection of Mrs. Walker, and that, if so, it was ineffectual, as she could not legally require Schneider & Davis to act, but if she desired protection the law required her to pay off the debt and then proceed against the personal property to reimburse herself.

Under the authority of James v. Jaques, supra, we are of the opinion that Mrs. Walker had the right, under the circumstances, to require Schneider & Davis to first exhaust the personal property before resorting to the land to pay the debt, but the question arises as to the sufficiency of the notice given by Walker to require any action upon the part of Schneider & Davis to make their debt out of the personal property.

In a case decided by the Court of Appeals of Kentucky (Medley v. Tandy, 4 Southwestern Reporter, 308), it was held that a notice given by the husband to the creditor to bring suit was sufficient to require the creditor to act, though the interest of the wife was not mentioned. If it be conceded that notice given by the husband alone, and the interest of the wife not being mentioned therein, is sufficient to require the credi-

tor to first exhaust the community property mortgaged before resort can be had to the separate property of the wife which is included in the same mortgage, yet we are of the opinion that the notice given by W. C. Walker in this case did not impose any duty upon Schneider & Davis in the premises. It appears from the evidence that, prior to the giving of said notice, said personal property had been released from the trust deed by an agreement between Schneider & Davis and W. C. Walker and another mortgage executed thereon by W. C. Walker in favor of said Schneider and Davis; hence the notice given by Walker did not relate to a foreclosure of the trust deed on said personal property, but could have had reference only to a foreclosure of the subsequent mortgage executed by Walker.

The evidence of witness Ellison relating to the execution of the subsequent mortgage by Walker is as follows: "The cattle that I sold to Walker after he sold them to me were taken by me in the first place as a credit on the $2831.26 that he owed Schneider & Davis, and he owed them that amount of money, less $500 secured by a mortgage on the cattle and a second mortgage on the land. The object was to get them out from under a heavy mortgage; they were in one big mortgage, and the object was to take them out from under that and put them in a separate mortgage to themselves. I took them from him by a bill of sale and immediately sold them back to him and reserved a lien on them. I don't know whether I got $1000 worth of cattle or not, because I took them on the range. I agreed to take them at $1000, and sell them back to him at that price, thereby shifting the security and relieve the land to that extent, and also made the security on the cattle so that he could handle them."

It is insisted by appellees that the effect of this transaction was to release the land from the trust deed. While the evidence shows that the personal property was released from the original trust deed by said transaction, there is no plea by plaintiffs relying upon said transaction as a release of the land as surety; hence, if it should be conceded that said land was released by reason thereof, there is no pleading upon which a verdict or judgment could be based. No issues were submitted to the jury relating to this transaction, and we do not deem it proper to determine whether or not the effect of same was to release the land as security for the debt.

Appellants complain of the failure of the court in not subrogating them to the lien on the land given by W. C. and S. E. Walker to Bascom McDaniel, guardian of plaintiffs, and in not rendering judgment for the amount of the notes paid by them and foreclosing the lien securing same. After Schneider & Davis purchased the land under the trust deed, they paid the McDaniel notes secured by the lien on the land. It appears that said lien was superior to theirs, and after their purchase of the land they paid said claim to protect their title, believing it was necessary to do so. Under these circumstances Schneider & Davis should not

be considered volunteers in paying off said claim, but were entitled to be subrogated to the rights of the holders of said notes and lien. Davis v. Farwell, 49 S. W. Rep., 656.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.