CLYDE HARRISON v. T. F. LOKEY.

Decided June 10, 1901.

1.—Judgment—Disqualification of Justice of the Peace.

Under section 11, article 5, of the Constitution, a judgment rendered by a justice of the peace who is interested in the suit, and has been of counsel in the case, is utterly void.

2.—Same—Void Judgment Enjoined—Defenses.

Where a judgment is void its enforcement will be enjoined without reference to any defenses that might have been made to the cause of action.

Appeal from Rockwall. Tried below before Hon. J. E. Dillard.

*H. M. Wade* and *Stroud & Ridgell,* for appellant.

*D. P. Johnson,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellee brought this suit in the District Court of Rockwall County to enjoin the execution of a judgment against him rendered in favor of the appellant in the Justice Court of precinct No. 4 of said county. It appeared from the evidence that on the 24th day of August, 1887, the appellee and W. H. Slater executed a promissory note payable to T. E. Hutchinson for the sum of $60, with interest at the rate of 10 per cent per annum, and due August 1, 1888. The note was executed for a threshing machine which was represented to be in good condition. After the appellee and Slater had executed the note, they took possession of the thresher and went to get the power which Hutchinson told them was at a neighbor's house. They

discovered that the machinery was not in good condition, and left the thresher where they found the power. Some time afterwards appellee notified Hutchinson that the machinery was worthless, and that he would not pay the note. Hutchinson, as well as the appellant, lived in Rockwall County, and the appellee is a resident of Collin County. In 1898 Hutchinson brought suit on the note as a lost note evidenced by an attorney's receipt therefor, against the makers of it in Justice Court, precinct No. 3 of Rockwall County, and was represented in the suit by J. W. Reese, to whom the matter was intrusted for collection. Appellee was served with citation and appeared to defend the suit, but Hutchinson dismissed it because, as he stated, Lokey would plead limitation. Hutchinson considered the claim worthless, and transferred it, without consideration and without recourse on himself, to one Mercer, who transferred it to the appellant. Hutchinson gave the claims to Mercer, and when he turned it over to Mercer it was understood that he and Reese were to pay the costs of the suit that had been dismissed and to have the proceeds when collected. J. W. Reese was the justice of the peace for precinct No. 4 in Rockwall County, and a scheme was formed by which Mercer transferred the claim to appellant, and he brought suit upon it against Lokey and Slater in Reese's court and caused them to be cited by publication in an obscure newspaper in Rockwall County upon an affidavit that their *whereabouts* were unknown. The citation was in proper form and published for the requisite time, and the parties having failed to appear, judgment was rendered against them by Reese for the amount of the note with interest on March 22, 1900. Execution was issued on this judgment July 6, 1900, which was returned no property found, and a writ was afterwards issued to Collin County, to enjoin the execution of which this suit was brought. This was appellee's first knowledge of the suit. Reese, the justice before whom the judgment was rendered, was interested in the result of the suit, and both he and Mercer knew where the appellee resided. The appellant probably knew that the appellee resided in Collin County. At any rate, either Mercer who transferred him the claim, or Reese before whom the suit was brought, could have informed him upon inquiry. It is clear that the citation by publication was a fraudulent scheme entered into by the appellant and Mercer and Reese to obtain a judgment against the appellee.

It is contended by the appellant that the judgment was not void, but only voidable, and that although this is a direct attack upon it, yet in order to set it aside a meritorious defense must be shown; that such defense has not been shown, because the appellee never offered to restore the property, and a court of equity will not set aside a judgment when another trial will result in the same judgment; or to let in a plea of limitation. This may be all true, but as Reese was interested in the suit, the judgment was utterly void,—was of no more force than if it had never been rendered. Const., art. 5, sec. 11; Chambers v. Hodges, 23 Texas, 109. His having been of counsel was also a disqualification

that would render the judgment void. Const.; supra; Slaven v. Wheeler, 58 Texas, 23. As a void judgment, its execution will be enjoined without reference to the merits of any defense the appellee might set up against the cause of action. The judgment of the court below will be affirmed.

*Affirmed.*