HOLT v. LOVE. (No. 1330.)

(Court of Civil Appeals of Texas. Texarkana. May 14, 1914.)

1. JUDGMENT (§ 456*)—PARTITION—VACATION—RIGHTS OF PURCHASER.

Where a judgment in partition with order of sale was at most only voidable and must be treated as valid until set aside in a proceeding commenced for that purpose, a party entitled to

___

sue to set aside the judgment and recover an interest in the real estate must sue therefor before the running of limitations barring an action to set aside the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 863–866; Dec. Dig. § 456.*]

2. LIMITATION OF ACTIONS (§ 39*)—VACATION OF JUDGMENT.

An action to set aside a judgment in partition, brought by an individual interested in the real estate more than four years after attaining full age, is barred by the four years' statute of limitations, where the judgment as to the infant was at most voidable.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 172, 190–211; Dec. Dig. § 39.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by Emma Love against W. H. Holt. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

A report showing the disposition of this cause made on a former appeal thereof will be found in 131 S. W. 857.

The land in controversy is 80 acres of the Isaac Caradine survey of 160 acres in Tarrant county. Said 80 acres was conveyed to E. W. Chism by a deed dated March 13, 1882. At that time said E. W. Chism and Mahaley Jane Chism were husband and wife. Mahaley Jane Chism died in September, 1888, leaving her husband and two children, to wit, appellee and Mrs. Ella Taylor, surviving her. E. W. Chism married again in November, 1888, and died in July, 1889, leaving his last wife, ten children by a marriage he contracted before he married Mahaley Jane Chism, and appellee and Mrs. Taylor, his children by her, surviving him. During the lifetime of Mahaley Jane Chism, to wit, on March 14, 1884, Isaac Caradine and others commenced a suit against E. W. Chism and others than said Mahaley Jane Chism to recover the said Isaac Caradine survey of 160 acres. In his answer to that suit E. W. Chism disclaimed as to all the survey except the 80 acres in controversy here, and as to that pleaded not guilty and the statute of limitations of five and ten years. The suit was pending at the date of his death. After his death, to wit, on August 25, 1893, the plaintiffs therein by an amended petition made E. W. Chism's last wife, appellee, Mrs. Taylor and others, children and grandchildren of his first marriage, parties defendant. January 2, 1896, the suit was disposed of by a judgment by agreement of the parties, which determined that Mrs. M. A. Sharp owned an undivided ⅓ interest in the 80 acres, that appellee owned an undivided 2/39 interest in same, and that other parties to the suit owned the remaining undivided interest in the land. The court at the time he rendered the judgment directed a partition of the land to be made, and appointed commissioners to make it. The commissioners having reported that a "fair and equitable" partition thereof could not be made, the court ordered the land sold and the proceeds of the sale distributed among the owners thereof in the proportion he had determined their respective interests to be. At a sale of the 80 acres made as directed by the court, appellant was the purchaser thereof for the sum of $500. This sale was confirmed by an order of the court; and afterwards the sheriff, as directed by the order, by a deed dated September 21, 1897, conveyed the land to appellant as such purchaser. This suit was brought by appellee against appellant. The pleadings are voluminous. The petition contained three counts. In the first of the three counts the allegations were those usually made by a plaintiff in a suit of trespass to try title. In the second count appellee alleged, among other things, that the land was the separate property of her mother; that appellant's claim of title thereto was under the deed to him from the sheriff, mentioned above; that the deed was based on the judgment referred to above; that said judgment was void as to her because she was a minor and without a guardian at the time it was rendered; that citation therein was never served on her; that she never knew anything about the suit until the latter part of 1906; and that appellant knew the facts recited at the time he purchased. She prayed that the judgment be canceled and for general relief. In the third count appellee alleged that in the administration of her father's estate the land had been set apart to her as a homestead, and alleged facts in regard thereto which, she claimed, entitled her to recover the land. Appellant in his answer denied the truth of the allegations in the petition, and among other things pleaded not guilty, the statute of limitations of three and five years as against appellee's claim of a right to recover the land, the statute of limitations of four years as against her claim of a right to set aside the judgment in the Caradine suit, set up the judgment in that suit, the sale thereunder, his purchase at the sale, the confirmation thereof by the court, and the deed made to him by the sheriff, and alleged that he was an innocent purchaser for value of the land at that sale, without notice of any of the facts relied upon by appellee to avoid it, and without notice of the fact that appellee owned or claimed any interest in the land other than that shown by the judgment to be in her. In a supplemental petition appellee alleged, among other things, that the pleadings in the Caradine suit were not sufficient as a basis for the judgment rendered therein, that that judgment was procured by fraud, that the price paid by Holt as the purchaser at the sale thereunder was inadequate, and other matters which, she alleged, were sufficient to charge appellant with notice of her rights.

The cause was submitted to the jury upon 31 special issues which the trial court thought were raised by the pleadings and the evi-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

dence. Among findings not material to the question which, on the view we take of it, is decisive of the appeal, are these: (1) That appellee was born March 13, 1881. (2) That the deed to appellant from the sheriff was duly recorded September 21, 1897. (3) That appellant in person or by tenants, claiming it as his own, occupied and used the land continuously from January 1, 1898, to the date of the trial, to wit, July 3, 1913. (4) That appellant paid all taxes assessed against the land after he purchased same to the date of the trial.

The judgment was in favor of appellee for an undivided one-third interest in the land, and for $200 as the part she was entitled to of sums received by appellant as rents.

Orrick & Terrell, of Ft. Worth, for appellant. M. B. Harris, of Ft. Worth, for appellee.

WILLSON, C. J. (after stating the facts as above). In his pleadings appellant set up the statute of limitations of five years as a bar to the right of appellee to maintain a suit to recover the land, and the statute of limitations of four years as a bar to her right to maintain a suit to set aside the judgment in the Caradine suit in so far as it affected her title to the land or an interest in it. The sheriff's deed to appellant as the purchaser at the sale of the land, made under the judgment referred to, was duly recorded September 21, 1897. Appellant took actual possession of the land on January 1, 1898, and thereafterwards until the date of the institution of this suit, to wit, January 21, 1907, remained in possession thereof, paying all taxes assessed against it during that time. Appellee did not marry during her minority. The jury found, and their finding is not attacked by any assignment in appellant's brief, that appellee was born March 13, 1881. According to this finding appellee did not reach the age of 21 years until March 13, 1902. It appeared therefore that at the time she commenced her suit the statute had been in operation against her for a longer period than four years and for a shorter period than five years, and therefore that her right to maintain a suit to annul the judgment in the Caradine suit was barred, and that her right to maintain a suit to recover the land was not barred by the statute.

Appellant insists that as a prerequisite to a recovery by appellee of the land, or any part of it, it was necessary that the judgment referred to should first be set aside, and that, as it could not be so set aside because appellee's right to that relief was barred by the statute, the court should not have rendered judgment in her favor for any of the land nor for any sum of money as rents she was entitled to. We think the contention must be sustained.

[1] It did not affirmatively appear from the judgment or from any of the papers constituting the record of the Caradine suit that the judgment was void. On the contrary, it appeared that the court had jurisdiction of the subject-matter of the suit, and, from a citation and the return thereon forming a part of the record of that cause, it appeared that the court had acquired jurisdiction of the person of appellee. It was therefore held, on the former appeal, and the ruling is adhered to, that the judgment at most was only voidable and should be treated as valid until set aside in a proceeding commenced and prosecuted for that purpose. It was also held on that appeal, and we are still of that opinion, that appellee's suit, in one of its aspects, was that kind of a proceeding.

As the judgment must be treated as valid until annulled, and as its effect so long as it is in force is, with the sale made under it, to show that appellant, and not appellee, is the owner of the interest she claims in the land, it follows that appellee must have established a right to have it vacated before she was entitled to recover the land. As the statute of limitations of four years had barred an action by her for that purpose at the time she commenced her suit, it also follows that she was not entitled to recover the land, or to any relief, and therefore that the court erred in rendering judgment in her favor as he did.

[2] In reply to appellant's contention appellee insists that "a suit," quoting from her brief, "to recover land is not affected by four years' limitation, notwithstanding plaintiff may plead and prove facts which show a judgment as the basis of a sheriff's deed in partition sale, it is not binding on plaintiff, but such suits are governed by the statutes regulating limitation for the recovery of land."

As supporting her contention, appellee cites the opinion of this court on the former appeal of this cause, reported in 131 S. W. 857; Hoffman v. Buchanan (Civ. App.) 123 S. W. 171; Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; and Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815.

The question was not made on said former appeal, and therefore it was neither considered nor determined. Nor was the question, nor one like it, determined in either Hoffman v. Buchanan or Stafford v. Stafford.

In Rutherford v. Carr the owner of a judgment was the purchaser at a sale of land levied on as the property of the judgment debtor by virtue of an execution issued on the judgment, and as such purchaser sued the vendee of the judgment debtor in trespass to try title. Said vendee in his answer to the suit pleaded his title, setting up the deed of the judgment debtor purporting to convey the land. In a supplemental petition the plaintiff alleged facts showing the deed so set up to be fraudulent and void as to him, because made, within the defendant's knowledge, for the purpose of hindering, delaying, and defrauding his (the judgment debtor's) creditors, and especially plaintiff,

who was one of his creditors. The court sustained an exception to the supplemental petition, on the ground that it appeared therefrom that the deed charged to be fraudulent "was made, delivered, and recorded more than four years before the institution of this suit, so that the right to set the deed aside for fraud was barred by the statute of limitation of four years." The court held that the suit was not to cancel the deed, but to recover the land, and that the statute of limitation of four years did not apply to it. While that case as pleaded is different from the one before us in other respects, it is radically so in that there it was not indispensable to the exercise by the plaintiff of his right to recover the land that he should first have the deed made by the judgment debtor annulled, while in this case it was indispensable to the exercise by appellee of her right to recover the land that she should first have the judgment annulled. The distinction pointed out is based, it seems, on considerations of public policy, which do not require that a deed should be treated as valid until canceled by a suit brought for the purpose, but do require that a judgment not void for matter appearing on its face or in the papers constituting the record of the cause in which it was rendered shall be treated as valid until it is set aside in a proceeding directly attacking it. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541.

It follows from what has been said that we are of the opinion the judgment should be reversed and that judgment should be rendered that appellee take nothing by her suit against appellant, and it will be so ordered.