## CARSON v. TAYLOR. (No. 2315.)

(Court of Civil Appeals of Texas. Amarillo.
April 23, 1924.)

**1. Judgment ⟨key⟩17(1)—By default without service of process is void.**

Judgment by default, rendered without service of process, is void.

**2. Judgment ⟨key⟩863—Validity attacked by answer in scire facias determinable in court rendering it.**

Validity of a judgment, which was attacked by an answer to a scire facias proceeding to revive it, could be settled by such proceeding in court which rendered original judgment.

**3. Judgment ⟨key⟩379(1)—Void on "face of record" may be set aside without showing meritorious defense.**

A judgment shown to be absolutely void upon face of record may be set aside without necessity of showing a meritorious defense; "face of record" including entire record in case, and not being limited to what judgment recites.

**4. Appeal and error ⟨key⟩82(3)—Interlocutory order setting aside former judgment held not appealable.**

An order setting aside a default judgment because lack of service on defendant, and settling none of the issues, constituted an interlocutory order, which would not support an appeal.

Appeal from Wichita County Court; Guy Rogers, Judge.

Scire facias by Charles Carson to revive a judgment against C. M. Taylor. From an order setting original judgment aside, plaintiff appeals. Appeal dismissed.

See, also, 238 S. W. 261.

Martin, Oneal & Allred, of Wichita Falls, for appellant.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

HALL, C. J. [1-3] On December 22, 1920, Charles Carson recovered a default judgment against C. M. Taylor, in the county court of Wichita county, in an action instituted by Carson against Taylor and three other defendants. All the defendants except Taylor filed answers, and upon a trial judgment was rendered in their favor, but against Taylor by default. The judgment recites service of process upon Taylor. No execution was issued against Taylor for more than 12 months, and this is a scire facias proceeding to revive the judgment against Taylor, instituted January 12, 1923. February 19, 1923, Taylor answered the application for scire facias. alleging that no citation had ever been issued or served upon him prior to the rendition of the judgment sought to be revived; that he had never entered an appearance in said cause, nor authorized any one to so enter an

appearance for him, and that the court had no jurisdiction of his person, and the judgment was therefore void. It is settled law that a judgment by default, entered without service of process, is absolutely void. 16 Michie's Digest, pp. 22–25. His answer was a direct attack upon the judgment, and the validity of such judgment could be settled by such a proceeding in the court which rendered it. Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357; Knight v. Waggoner (Tex. Civ. App.) 214 S. W. 690, dissenting opinion. While, as stated, the original judgment recites service upon Taylor, the trial court heard evidence upon the issue, and held that there was in fact no service upon or appearance by him, and by an order entered set the original judgment aside. This appeal is from that order. It is insisted that, since the judgment upon its face recited service and imported verity, the court was without authority to hear evidence showing a want of service and to set the judgment aside. The expression "face of the record" in proceedings of this kind attacking judgments includes the entire record in the case, and is not limited to what the judgment itself recites. State v. Haines, 51 La. Ann. 731, 25 South. 372, 44 L. R. A. 837; Cotton v. Rea, 106 Tex. 220, 163 S. W. 2; San Bernardo Townsite Co. v. Hocker (Tex. Civ. App.) 176 S. W. 664; Moore v. Vogt (Tex. Civ. App.) 127 S. W. 234; Ketelsen & Degetau v. Pratt Bros. & Seay (Tex. Civ. App.) 100 S. W. 1172; Taylor v. Hustead & Tucker (Tex. Com. App.) 257 S. W. 232. Where a judgment is shown upon the face of the record to be absolutely void, defendant is entitled to have the same set aside without the necessity of showing a meritorious defense. Fox v. Robbins (Tex. Civ. App.) 62 S. W. 815; Harrison v. Lokey, 26 Tex. Civ. App. 404, 63 S. W. 1030; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541.

We have discussed the contentions above in deference to the earnest insistence of counsel in their briefs, but, because the order of the court from which this appeal is prosecuted is an interlocutory judgment, which will not support an appeal, all we have said above is necessarily dictum.

[4] When the appellee, Taylor, filed his answer assailing the judgment for invalidity, the appellant might have insisted upon a trial of the issues, and a judgment rendered upon such hearing would have disposed of the parties and issues presented by the pleadings, but this was not done. The judgment appealed from recites merely that the court heard the pleadings and evidence, and finds as a matter of fact that there was no service of citation upon Taylor at the time the original judgment was entered in favor of Carson; that the court was without jurisdiction

to enter said judgment; that it is wholly void and of no force and effect, and proceeds to set it aside. It is obvious that such an order does not dispose of either the issues or the parties, and its effect is to leave the case in the exact condition in which it was before the judgment was entered. When citation has been served upon Taylor, then the case will stand for trial upon its order in the trial court. We have before us simply an interlocutory order, setting aside a former judgment, but settling none of the issues, and it will not, therefore, support an appeal. Lyon-Taylor Co. v. Johnson (Tex. Civ. App.) 147 S. W. 605; Hope v. Long (Tex. Civ. App.) 122 S. W 40; Wolf v. Sahm, 56 Tex. Civ. App. 564, 120 S. W. 1114, 121 S. W. 561; Linn v. Arambould, 55 Tex. 611, 621.

For the reasons stated, the appeal is dismissed.

BOYCE, J., not sitting.