## GREATHOUSE v. FORT WORTH & DENVER CITY RY. CO.

### No. 1398—6019.

Commission of Appeals of Texas, Section B.
Nov. 28, 1933.

E. W. Napier, of Wichita Falls, for plaintiff in error.

Carrigan, King & Surles, of Wichita Falls, and Thompson & Barwise and Bert Walker, all of Fort Worth, for defendant in error.

RYAN, Judge.

This suit was instituted by H. L. Hunter, as guardian for J. D. Greathouse, a boy six years old, for the purpose of setting aside an agreed judgment and to recover damages accruing to said minor by reason of the alleged wrongful killing of his mother, Mrs. L. V. Thomas, by one of the defendant in error's railway trains at a crossing in Iowa Park, Tex., about November 3, 1928.

It was charged that just prior to her death, Mrs. L. V. Thomas employed a drayman to move her furniture from one part of the town to another, and while crossing the railroad track on a public street, the truck upon which she was riding was struck by a fast moving passenger train, resulting in her being injured to such an extent that she died immediately thereafter.

Various grounds of negligence were alleged, and damages prayed for in the total sum of $27,500.

It was averred in the petition that Mrs. Lizzie Greathouse, the mother of Mrs. L. V.

Thomas, was also injured in the collision, as a result of which her mental faculties were impaired; that thereafter on November 27, 1928, a suit was instituted by Mrs. Lizzie Greathouse, as next friend for and in behalf of the minor, J. D. Greathouse, against the railway company for damages resulting to him from the alleged wrongful killing of his mother, and on December 28, 1928, an agreement was had between Mrs. Lizzie Greathouse and the defendant railway company through its claim agent, O. W. Portman, by the terms of which the company agreed to pay to Mrs. Lizzie Greathouse the sum of $2,700 in full settlement of her claim against the company for the injuries to herself and for such further damages as she might be entitled to by reason of her daughter's death and in full settlement of all claims and causes of action the boy (J. D. Greathouse) might have, and it was understood that Mrs. Lizzie Greathouse should apportion the said $2,700 between herself and the boy in any manner that she might see fit.

It was further averred that she apportioned $1,200 to herself and $1,500 to the boy and his attorneys, and in accordance therewith and on the same day, the parties appeared before the district court, offered proof of a settlement of the boy's cause of action for the sum of $1,500, $900 of which was to be paid to the boy and $600 to be paid to the attorneys who represented him and the grandmother, Mrs. Lizzie Greathouse. The entire attorney's fee was paid out of the boy's part. It is charged in the petition that no evidence whatsoever was offered as to the nature of the cause of action upon which the court might determine whether the settlement was fair, other than that of Mrs. Lizzie Greathouse to the effect that she had made the settlement and it was satisfactory to her, but the court was not informed as to her interest in the suit, nor did the court know that $2,700 was paid to her with the understanding that she could retain for herself as much thereof as she wished, whereupon the court approved such settlement and entered judgment awarding $900 to the boy and $600 to certain attorneys, naming them.

It was further charged that Mrs. Lizzie Greathouse, who instituted the suit as next friend of the minor and in which suit the agreed judgment was entered, was interested adversely to the minor, was mentally incompetent, and was induced to agree to the same by fraudulent representations made to her by the company's agents, and that the settlement so made was an improvident one for the minor.

On December 31, 1928, the county judge appointed F. G. Payne as temporary guardian of the minor's estate, but his resignation, filed on January 25, 1929, was approved on the same day. H. L. Hunter was on May 14, 1929, appointed temporary guardian, made permanent on June 14, 1929. On January 1, 1929, E. W. Napier, Esquire, filed a motion as amicus curiæ, in the district court, to vacate the agreed judgment on the grounds that the settlement was improvident, that the next friend was so mentally deficient as to be incapable of acting as such, and because the minor had a guardian, F. G. Payne, the only person authorized to act for him and administer his affairs. This motion was overruled on January 5, 1929.

Said agreed judgment and the order overruling Mr. Napier's motion were had during the December, 1928, term of the district court, which expired by force of the statute on March 2, 1929.

The present suit was instituted in June, 1929, and trial had before a jury, who, in answer to special issues submitted to them, found: That the train in question approached the crossing immediately before the collision at the rate of 50 miles per hour, which was negligence and a proximate cause of said collision; that the train operatives failed to blow the whistle for said crossing at a point not nearer than 1,320 feet therefrom, and failed to exercise ordinary care to blow the whistle as the train approached said crossing, at a time and in such manner as was reasonably calculated to give timely warning to persons, using said crossing, of the approach of said train; that said crossing, immediately before the collision, was more than ordinarily hazardous by reason of the conditions then existing; that an ordinarily prudent person would have maintained at said crossing, at the time of the collision, and immediately before, a flagman, electric bell, wigwag, or other active signaling device, and the failure to maintain such flagman or signaling device was a proximate cause of the collision; the jury found for the company on the issue of discovered peril.

On the issues submitting the question of fraud on the company's part, the jury found that the claim agent, prior to the time that the settlement agreement was made, represented to Mrs. Lizzie Greathouse that he had investigated and was familiar with the facts in the case; that he had talked to the company's attorneys and stated to her that she could not recover anything in court; that such representations were made for the purpose of inducing Mrs. Greathouse to aid him in procuring a settlement of plaintiff's cause of action; that such representations were not true, but were believed and relied upon by Mrs. Greathouse in making the settlement on behalf of plaintiff.

The jury found further that Mrs. Greathouse, at the time she made the settlement agreement on behalf of plaintiff, did not have

sufficient mental capacity to appreciate and understand the business in which she was engaged; that such settlement was an improvident one; rejected the defenses of contributory negligence pleaded by the company, and assessed the damages in favor of the minor in the sum of $15,000.

Judgment was accordingly rendered, setting aside and vacating the compromise agreement and judgment of December 28, 1928, and for the recovery of $15,000 less a credit of the $1,500 awarded in the original suit which the company had paid.

The Honorable Court of Civil Appeals concluded that the former judgment was res judicata and the settlement thereof a bar to the present suit, that an instructed verdict for the defendant should have been given, and for that reason reversed the trial court's judgment and rendered judgment in favor of the defendant company. 41 S.W.(2d) 418.

The Court of Civil Appeals held: (a) That the minor plaintiff's failure to appeal from the original judgment operated as a bar to a subsequent action to set it aside on equitable grounds; (b) that the action of the amicus curiæ in filing a motion to vacate the original judgment and his failure to appeal from an adverse ruling thereon was binding on the minor; (c) that because the guardian, appointed as such by the county court after the judgment was rendered, and who was not a party thereto, took no steps to set the judgment aside during the term of court at which it was rendered, or appeal therefrom, the minor was barred from maintaining this suit in the absence of a sufficient excuse shown for such failure of the guardian; (d) that whether such a sufficient excuse existed was an issue of fact to be submitted to the jury; (e) that the mental incapacity of the next friend could not be a ground for vacating a former agreed judgment unless it could be said that but for such incapacity she would not have agreed thereto.

### Opinion.

1. The statute (article 1994, Rev. Stat. 1925) provides that minors having no legal guardian may sue and be represented by "next friend," who shall have the same rights as guardians, and may with the approval of court compromise suits and agree to judgments, which, when so approved by the court, are binding and conclusive; but this rule is of course subject to the further rule that any such judgment may be directly attacked for fraud, collusion, or neglect. Cannon v. Hemphill, 7 Tex. 184; Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541; Day v. Johnson, 32 Tex. Civ. App. 107, 72 S. W. 426.

This is a direct attack upon the judgment. Stephens v. Hewett, 22 Tex. Civ. App. 303, 54 S. W. 301; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357; Murchison v. White, 54 Tex. 78.

The bringing of a suit by next friend for a minor in no way changes his status; his disabilities are not removed or suspended by bringing such suit (Galveston, H. & S. A. R. Co. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 538, 540), and his interests must, in good faith, be fully protected; he is non sui juris and altogether under the court's protection. A minor appears in court as plaintiff by next friend and as defendant by guardian ad litem. Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567; 22 Cyc. 638, 653, 673; 31 C. J. 1118; 10 Encyc. Pleading & Practice, 594.

The guardian ad litem or next friend can make no concessions nor can he waive or admit away any substantial rights of the minor, or consent to anything which may be prejudicial to him. Wright v. Jones (Tex. Com. App.) 52 S.W.(2d) 247; Moore v. Prince, 5 Tex. Civ. App. 352, 23 S. W. 1113.

If, therefore, it be shown that the minor's case was not properly laid before the court, by collusion, neglect, or mistake, a new bill may be brought in behalf of the infant, and if it be established that the judgment was against the interests of the minor, and the facts which made it so were not disclosed to the court, and the court was therefore induced to approve the agreement for judgment, the minor may, as between the parties to the judgment, have the same set aside by a bill of review. Day v. Johnson, 32 Tex. Civ. App. 107, 72 S. W. 426; Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541; Cannon v. Hemphill, 7 Tex. 184. And where the interests of the minor and those of the next friend conflict, the next friend is not a competent person to represent the minor. Lumsden v. Chicago, R. I. & T. Ry. Co., 23 Tex. Civ. App. 137, 56 S. W. 605; City of Dallas v. Crawford (Tex. Civ. App.) 222 S. W. 305; 31 C. J. 1136.

Of this conflict the company had notice— the evidence shows that it paid $2,700 to the next friend, who apportioned $1,200 to herself in compensation of damages claimed to have been sustained by her in the same accident, and the remaining $1,500 to the minor, of which he was allotted only $900 and the balance, $600, to the attorneys.

It is contended that because the minor, the amicus curiæ, the next friend, or the guardian did not appeal from the original judgment, the minor is barred from maintaining his bill of review.

The minor was not bound by the failure of the next friend to appeal; his case is based on allegations of fraud and mental incompetency of the next friend. Her interests were antagonistic to those of the minor, if the allegations of the petition be true. And of course, having procured or at least assisted

in procuring the challenged judgment, she did not appeal therefrom.

Neither was the failure of the amicus curiæ to appeal binding upon the minor.

It appears from the record that the amicus curiæ, at that time, was not the attorney for the minor nor for the next friend, and therefore he had no power to represent a party in giving notice of appeal. Southern R. Co. v. Locke (Tex. Civ. App.) 84 S. W. 1069; Hurd v. Inglehart (Tex. Civ. App.) 140 S. W. 119; State of Texas v. Jefferson Iron Co., 60 Tex. 312; Jones v. City of Jefferson, 66 Tex. 576, 1 S. W. 903; 2 Tex. Jur. 718.

■ The guardian was not a party to the original suit. Payne, the first temporary guardian, was not appointed until after the judgment was rendered. He testified that he never functioned as such, knew nothing about the minor's claim, and resigned on January 25, 1929. It is true that in his petition for discharge he stated that there was on deposit in the registry of the district court the sum of $900 which he was informed belongs to the minor, and with that exception the minor had no other estate within his knowledge; but he stated also that no money or property of any kind or character had ever come into his hands as temporary guardian, and no expenditures or obligations had been incurred by him on behalf of the minor. The resignation was accepted on the same day, by the county judge, and said guardian discharged.

The guardianship thereupon remained vacant until May 14, 1929, when upon application of H. L. Hunter, filed the same day, he was appointed temporary guardian and immediately qualified as such. Mr. Hunter's application was filed for him and signed by one of the attorneys who represented the next friend in the original suit; his temporary appointment was made permanent on June 4, 1929. Mr. Hunter testified that at the request of an attorney for the boy in the original suit, he was appointed as guardian, after which the present attorney for plaintiff came to him and discussed the case, stating that the judgment was unfair; "he asked my permission to bring a suit; I consulted with the county judge and the suit was brought."

The term of court at which the agreed judgment was entered began in December, lasted three months, and a new term began on the first Monday in March, 1929.

Therefore, the resignation of Payne antedated the close of the term by one month and six days, during which time the minor had no legal guardian; he was non sui juris when the term of court ended, and only when Hunter was appointed on May 14, 1929, could a proceeding to set aside the judgment have been filed; this was after the court's adjournment for the term, and such proceeding properly was by bill of review, as held in Smith v. Ferrell (Tex. Com. App.) 44 S.W.(2d) 962.

The Court of Civil Appeals therefore erred in reversing the judgment below for the reasons stated by it.

■ That court considered that the above issues controlled the entire case and therefore discussed none of the other assignments of error urged by defendant in error, appellant there.

We may therefore pass upon all questions of law assigned in his petition by the losing party in the Court of Civil Appeals, and upon all assignments of the prevailing party in the Court of Civil Appeals presenting questions of law not disposed of by that court. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185; Harris County v. Charlton, 112 Tex. 19, 243 S. W. 460, 245 S. W. 644; Southern Pacific Co. v. Walters, 110 Tex. 496, 221 S. W. 264. But as to questions of fact, not so disposed of, the case must be remanded to the Court of Civil Appeals for consideration by it of all such duly presented unconsidered assignments of error. Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; article 1745, Rev. Stat. 1925.

We shall therefore dispose of issues of law not disposed of by the Court of Civil Appeals.

■■ 2. It is claimed that Mrs. Lizzie Greathouse, the surviving parent of the deceased, a necessary party, was not a party to the suit, was not before the court, and the judgment is fatally defective for that reason.

Article 4675, Rev. Stat. 1925, as amended by Acts 1927, c. 239, § 2 (Vernon's Ann. Civ. St. art. 4675), reads as follows: "Actions for damages arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children and parents of the person whose death has been caused, or by either of them for the benefit of all."

A special exception, overruled by the trial court, was directed to the amended petition upon which the plaintiff in error went to trial, for the reason that all proper parties were not before the court, and after the evidence was concluded, defendant in error excepted to the court's charge, among other grounds of objection, because the proper and necessary parties were not before the court and no final or valid judgment could be rendered in the case under the death statute.

The petition set forth the settlement with Mrs. Greathouse for the injuries to her; the proof showed that she was not dependent upon and expected no contribution from the deceased. She negotiated and accepted the settlement and was a witness in the case. The trial judge, in qualifying a bill of exceptions relating to the testimony of Mrs. Greathouse on the subject of her intending to file suit,

certifies that "after judgment and before the motion for new trial was acted upon, the said Lizzie Greathouse filed her disclaimer in this cause."

We understand the rule, in this character of case upon this point now under discussion, to be as stated by Judge Blair in Cobb Brick Company v. Lindsay (Tex. Civ. App.) 277 S. W. 1107, 1112 (writ of error denied), viz.: "The Supreme Court and the several Courts of Civil Appeals have by numerous decisions held that a parent is a beneficiary of the damages claimed under the provisions of the death statute, and a necessary party to a suit to recover them, and that, where it appears from the record that a parent is not made a party, the judgment cannot stand; the error going to the very foundation of the action. East Line & R. R. Railway Co. v. Culberson, 68 Tex. 664, 5 S. W. 820; Houston & T. C. Railway Co. v. Moore, 49 Tex. 31, 30 Am. Rep. 98; Galveston, H. & S. A. Railway Co. v. Le Gierse, 51 Tex. 189; San Antonio & A. P. Railway Co. v. Mertink, 101 Tex. 165, 105 S. W. 485. An equally well established rule to the one requiring that a father, having a statutory interest by reason of the wrongful act, be made a party to the suit for damages, is one holding that where the petition for such damages alleges, and the proof shows, that he has no interest in the suit, no useful purpose can be subserved by making him a party. Texas Central Ry. Co. v. Frazier (Tex. Civ. App.) 34 S. W. 664; Industrial Cotton Oil Co. v. Lial (Tex. Civ. App.) 164 S. W. 40; Missouri Pac. Railway Co. v. Henry, 75 Tex. 220, 12 S. W. 828; St. Louis, A. & T. Railway Co. v. Taylor, 5 Tex. Civ. App. 668, 24 S. W. 975; Gulf, C. & S. F. Railway Co. v. Younger, 10 Tex. Civ. App. 141, 29 S. W. 948."

If in any manner the mother of the deceased had settled her claim for damages, that may be shown and the judgment will then stand. Dallas & W. R. Co. v. Spiker, 59 Tex. 435. The allegations of the petition were sufficient as against the special exception. In Industrial Cotton Oil Co. v. Lial (Tex. Civ. App.) 164 S. W. 40, 41, the court said: "In the case at bar the fact that the widow and children of deceased were not parties was directly called to defendant's attention, for it is therein shown that they have no interest in the suit. How, then, can it be said that the verdict of the jury was affected by the idea that it was to be brought for the benefit of all those provided for by statute? If the defendant desired them made parties, it became its duty to plead it in some way."

We therefore conclude that this contention of defendant in error should be overruled.

◼ 3. Complaint is made of the submission of special issues Nos. 18 to 22, relative to certain false representations alleged to have been made to Mrs. Lizzie Greathouse by the company's claim agent, prior to the consummation of the compromise agreement, on the ground that there is neither pleading nor evidence justifying the submission of such issues.

The jury found in answer to these issues that the claim agent represented to Mrs. Greathouse that he had investigated the case, was familiar with the facts, had talked to the company's lawyers, and that she could not recover anything in court; the jury found, also, that such representations were made for the purpose of inducing Mrs. Greathouse to aid him in procuring a settlement of the plaintiff's cause of action, that they were untrue, that she believed and relied upon them in making the settlement on behalf of the plaintiff.

There is no merit to this complaint. Mrs. Greathouse testified that the claim agent came to see her several times at the hospital where she was confined immediately after the injuries were sustained and made such representations, that she believed him, and for that reason made the settlement. They were proper issues to be submitted.

◼ 4. The company contends that the train involved was one engaged in interstate commerce, and by reason thereof the rights of the parties are to be determined by application of the federal decisions, under which the deceased and all occupants of the car were guilty of contributory negligence as a matter of law. Baltimore & Ohio R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, is cited as authority on this proposition.

This precise question, as applicable to the facts in this case, was decided adversely to such contention by our Supreme Court in Galveston, H. & S. A. Ry. Co. v. Wells, 50 S.W. (2d) 247, wherein it was said that federal laws governing the regulation of common carriers do not undertake to regulate the tort liability of interstate carriers to third persons not in the employment of the company, and no federal question being involved, the law controlling the liability of a railroad to a person injured at a crossing, as the deceased was in this case, will rest upon the rules announced by the courts of the state in which the injury occurred.

◼ 5. Damages were claimed for personal injuries alleged to have been sustained by the minor himself, and this issue was submitted on the subject, viz.: "Special Issue No. 25. Do you find from a preponderance of the evidence that J. D. Greathouse suffered any personal injuries, as the direct and proximate result of said collision?" To which the jury answered: "No."

Upon the other question of liability to the

minor for his mother's death, the court submitted issue as follows: "Special Issue No. 26. What sum of money do you find from a preponderance of the evidence, if now paid in cash, would fairly and reasonably compensate the plaintiff, J. D. Greathouse, for the death of his mother, Mrs. L. V. Thomas; and in this connection you are instructed that you cannot allow anything for his sorrow or mental anguish, but you can only allow the present cash value of the parental care, nurture, moral and intellectual training, that he would have received from her, had she lived?" To which the jury answered: "$15,000.00."

This finding is attacked by the company on the ground that there is no evidence in the case warranting such a finding, or the submission of the issue. The question of sufficiency of evidence is also involved.

To our minds the issue is not one of "no evidence," but is one of "sufficiency of evidence," which should be passed upon by the Court of Civil Appeals.

The authorities are agreed that in death cases the matter of assessing damages is in large measure left to the sound discretion of the jury in the light of their own experiences. Missouri Pac. Ry. Co. v. Lehmberg, 75 Tex. 61, 12 S. W. 838; 5 Ency. Dig. Texas Reports, 1211; 17 C. J. 1344, note 94; 13 Cyc. 365. But that discretion must be based upon sufficient facts to enable the jury to intelligently answer the issue of damages. Gulf, C. & S. F. Ry. Co. v. Younger, 90 Tex. 387, 38 S. W. 1121; Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S. W. 282, 1 L. R. A. (N. S.) 198; Houston & T. C. Ry. Co. v. Cowser, 57 Tex. 293; Texas & P. Ry. Co. v. Lester, 75 Tex. 56, 12 S. W. 955; McGown v. International & G. N. Ry. Co., 85 Tex. 289, 20 S. W. 80; San Antonio & A. P. Ry. Co. v. Long, 87 Tex. 148, 27 S. W. 113, 24 L. R. A. 637, 47 Am. St. Rep. 87; 13 Cyc. 361, 371; 17 C. J. 1347.

There was some evidence on which to base a verdict, but its sufficiency to support the verdict rendered in this case is within the province of the Court of Civil Appeals to say.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court for consideration by it of all duly presented unconsidered assignments of error, and for orders not inconsistent with this opinion. Kirksey v. Traction Co., 110 Tex. 190, 217 S. W. 139.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed, and the cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.