## GOODMAN et al. v. MAYER et al.

· No. 3104.

Court of Civil Appeals of Texas.
Beaumont.

April 23, 1937.

Rehearing Denied in Part and Granted in Part May 12, 1937.

J. S. Bracewell and J. M. Shamblin, both of Houston, for appellants.

Joel Cook and A. D. Dyess, both of Houston, for appellees.

WALKER, Chief Justice.

This suit was instituted in district court of Liberty county as an action in trespass to try title by Louis Mayer and Herman Cohen, trustees of the Ida Strauss subdivision of the John Cole League, as plaintiffs, against Henry Goodman, Lena Goodman, Sol Goodman, Minnie Rosenberg, and her husband, Sam Rosenberg, Abe Goodman, Harry Goodman, J. S. Bracewell, and E. P. Jones, as defendants, to recover the title and possession of two tracts of land, one containing 41 acres, and the other 28 acres, parts of the Ida Strauss subdivision of John Cole League; a second count of the petition was for damages for slander of title. Defendants answered by general demurrer and pleas of general denial and not guilty. On trial to a jury, verdict was instructed in favor of plaintiffs against all defendants, and on the verdict on the 20th day of February, 1935, the court rendered judgment in favor of plaintiffs against all defendants for the land in controversy, but, in entering the judgment on the verdict, plaintiffs were awarded judgment only against defendants Henry Goodman, Lena Goodman, Sol Goodman, and Abe Goodman. On the 1st day of July, 1936, on motion of the plaintiffs to correct the judgment as entered on the 20th day of February, 1935, judgment was entered nunc pro tunc as prayed for in the motion, giving plaintiffs judgment against all defendants for the land in con-

troversy, as per the court's charge to the jury, the verdict returned by the jury, and the judgment actually rendered by the court on the verdict. On the 2d day of July, 1936, defendant E. P. Jones filed his motion for a new trial, alleging that he had not been served with citation in the cause, and that he had made no appearance in the cause either in person or by attorney, and that the answer filed for him in the cause was without his knowledge or authority. The evidence on Jones' motion for new trial fully sustains all allegations of the motion, and was to the effect that Jones had not been served with citation; that he had not made his appearance in the case either in person or by attorney; and that his appearance by motion for new trial was his first appearance in the case. On the undisputed evidence on the motion for new trial, the court was without jurisdiction to render judgment against Jones; and, as against the attack made on the judgment by the motion for new trial, the judgment, as to Jones, was absolutely void. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325.

■■■ If the evidence on the motion for new trial supported plaintiffs' contention that Jones was a mere trespasser on the land—a point we do not decide—the ruling of the court in overruling the motion for new trial would not be harmless error as plaintiffs contend, because, in order to have the judgment against him set aside, Jones was not required to show a meritorious defense. Fox v. Robbins (Tex. Civ.App.) 62 S.W. 815; Harrison v. Lokey, 26 Tex.Civ.App. 404, 63 S.W. 1030; Schneider v. Sellers, 25 Tex.Civ.App. 226, 61 S.W. 541; Crawford v. McDonald, supra.

■■■ There is no merit in plaintiffs' contention that the Jones motion for new trial was a collateral attack on the judgment entered as of date the 20th of February, 1935. A motion for new trial against a final judgment is a direct and not a collateral attack; Crawford v. McDonald, supra. As entered, the judgment of date February 20, 1935, was not a final judgment; the judgment did not become final until after the nunc pro tunc entry on the 1st day of July, 1936. Within due time after the entry of that order, Jones filed his motion for new trial, and prosecuted his appeal from the order overruling his motion. The general rule is stated as follows by 3 Tex.Jur. 277, § 182:

"Where the clerk has failed to enter the judgment in the minutes during the term of court, or some error has been made in the entry of judgment, and by a nunc pro tunc order at a subsequent term of court the judgment has been entered or corrected, the uniform rule is to allow the statutory time for preparing an appeal to begin to run from the date of the nunc pro tunc order and not from the date of the actual rendition of the judgment. This rule has been applied when the judgment as entered failed, through the omission of the clerk, to dispose of a cross-action for damages; in such case to hold that the time to appeal begins to run from the actual rendition of the judgment would preclude all relief, as the judgment entered is not final and appealable."

For the errors discussed, the judgment of the lower court is reversed and the cause remanded.

### On Rehearing.

Appellees' motion for rehearing is granted as to all the appellants except E. P. Jones and the judgment of the lower court as to all of the appellants, except E. P. Jones, is affirmed; as to E. P. Jones, the judgment of the lower court is reversed and the cause remanded for a new trial.