S. A. STEPHENS ET AL. V. A. J. HEWETT ET AL.

Decided December 20, 1899.

**1. Judgment—Review—Direct Attack—Guardian.**

A proceeding to set aside a former judgment in the same court and to recover certain land lost in such former suit, which had been brought during the plaintiff's minority, and without her knowledge, by one assuming to be her guardian, and who had been appointed as such, but had never given bond, qualified, or been recognized by the probate court as such, was a direct and not a collateral attack on such judgment, and could be maintained on showing title to the land, lost by the first decree, by no fault of the present plaintiff.

**2. Guardian—Failure to Qualify.**

One who has been appointed guardian of a minor by an order fixing the bond to be given, but who has never given bond, taken oath, nor been recognized by the court as acting, is neither a de jure nor de facto guardian, and has no authority to represent or bind such minor in a litigation.

**3. Same—Next Friend—Guardian ad Litem.**

A judgment adverse to the interest of a minor, in a suit brought by one as her guardian who was not so in fact and acted without her knowledge or consent, can not be held conclusive against her direct attack by bill of review on the theory that it was, in effect, a suit by such minor through her next friend. Martin v. Weyerman, 26 Texas, 468, distinguished.

**4. Surviving Husband—Life Estate—Conveyance in Fee.**

A conveyance in fee simple, by the surviving husband, of lands of the wife, was suf-ficient, though not carrying the fee, to pass the one-third life interest which he in-herited.

Error to Bell. Tried below before Hon. Marshall Surratt.

*A. M. Monteith,* for plaintiff in error.

*A. L. Curtis,* for defendant in error.

Key, Associate Justice.—Mrs. Susie Hewett, joined by her husband, A. J. Hewett, brought this suit against S. A. and W. W. Stephens, to set aside a former judgment rendered by the same court and to recover a one-sixth interest in 200 acres of land, rent for its use, and for partition.

There was a non-jury trial resulting in a decree establishing the rights of the plaintiff, as alleged in her petition, awarding to her $100 for rent, and appointing commissioners to partition the land. The defendants have brought the case to this court by writ of error.

No conclusions of law and fact were filed by the trial judge. There is but little conflict in the testimony, and the essential facts are as follows:

It was agreed that Mrs. Mary Jane Midkiff, the plaintiff's mother, who died in 1876, was common source of title, the land being her separate property at the time of her death. In 1878 C. S. Midkiff, the surviving husband of Mary Jane Midkiff, was appointed by the County Court of Bell County and qualified as guardian of the estate of his minor children, including Susie Midkiff, now Mrs. Hewett. In 1881, C. S. Midkiff and his second wife, Nancy E. Midkiff, conveyed 200 acres of land, including the land in controversy, to W. W. and J. H. Stephens. In 1885 J. H. Stephens conveyed his half in trust to W. W. Stephens; and in 1888 W. W. Stephens conveyed the entire tract to his wife S. A. Stephens. These deeds were duly recorded, and the appellants showed such possession of the land as would vest the title in them under the five and ten years statute of limitations, had it not been shown that Mrs. Hewett, the appellee, was a minor up to the time of her marriage, in April, 1897. January 23, 1888, C. S. Midkiff having waived his right to the guardianship, the County Court of Bell County granted an application made by J. C. Midkiff to be appointed guardian of the estate of Susie Midkiff, and fixed his bond at $2000; and on May 15, 1890, said court granted a second application made by J. C. Midkiff for such guardianship, and fixed his bond at $1500. He failed to give any bond, to take the oath, and to return an inventory; and it was not shown that the County Court ever recognized or treated him as the guardian of the minor's estate.

In 1892 J. C. Midkiff and others brought an action in the same court in which this suit originated, and against the same defendants, to re-

cover the 200 acres of land of which the land in controversy is part. The petition in that case purports to make Susie Midkiff a party plaintiff, "by her guardian, J. C. Midkiff." That case was tried July 11, 1893, and resulted in a judgment in favor of the defendants and against all of the plaintiffs for the 200 acres of land; which judgment has never been vacated or set aside. It shows that it was based upon a verdict sustaining the defendants' pleas of five and ten years limitations; and the record in that case, which was put in evidence in this case, shows that the court refused to allow proof of Susie Midkiff's minority, because there was no pleading authorizing such proof, which ruling was sustained on appeal. Midkiff v. Stephens, 29 S. W. Rep., 55.

At the trial of the second case, the appeal in which is now under consideration, it was shown that Susie Midkiff never authorized J. C. Midkiff nor anyone else, to make her a party to the former suit; and she was not aware of the fact that anyone had attempted to make her a party to it until after the judgment was rendered and an appeal taken, when she was consulted by E. L. Murrell, who had been appointed and qualified as her guardian in 1894, in reference to a proposition to compromise the case. It was not shown that at that time or any other time her rights in the property and the nature and condition of the suit were explained to her; and that she, with a full understanding of the matter, ratified what had been done in her behalf by her brother, J. C. Midkiff.

The effect to be given to the former judgment is the principal question in the case; and if this were a collateral attack upon it, it might be proper to hold it to be conclusive of the rights of the parties, it being a judgment of a domestic court. But it is an action in the nature of a bill of review, brought in the court where the judgment was rendered, seeking to have it set aside and nullified as between the plaintiff and the defendants. It is a direct and not a collateral attack upon the judgment. McMurray v. McMurray, 67 Texas, 665; Murchison v. White, 54 Texas, 78.

Articles 2597, 2598, 2599 and other provisions of the Revised Statutes clearly contemplate that a person appointed guardian of a minor's estate shall give the bond and take the oath required by statute, as a prerequisite to the exercise of the functions of guardian. And while we do not hold that the acts of a de facto guardian, who had not complied with the statute in these respects (such acts being sanctioned by the probate court) would be void, we do hold that J. C. Midkiff was neither a de jure nor a de facto guardian; and therefore he had no authority to represent the plaintiff in the former litigation.

But conceding that he was not authorized to represent her, and that she makes a direct attack upon the judgment, does the plaintiff show that she is entitled to have it set aside by a court of equity? Though she was made a party without her consent and improperly, still, to obtain equitable relief she must show that injustice has been done her; and this, we think, she has done.

She shows a perfect title to the land by inheritance from her mother, which title she owned at the time the former case was tried; that the facts existed, and the evidence was available, to avoid the defendants' pleas of limitation upon which they obtained the judgment; and that it was through no fault of hers that this evidence was not placed before the court and jury trying the case.

These facts, in connection with proof of her minority, and that she did not consent to being made a party to the suit, establish the justice of her cause, and appeal to the conscience of a chancellor.

It is also contended that J. C. Midkiff prosecuted the former suit substantially as next friend of Susie Midkiff, and that, such being the case, the judgment is binding upon her; and in support of this contention, the case of Martin v. Weyman, 26 Texas, 468, is cited. That case is not analogous. There, the father sued as the natural guardian of his minor children. The petition disclosed the fact that he was their father, and the description "natural guardian" merely signified that, in the very nature of things, it was his duty to protect their interests; and this justified the holding that he placed himself before the court as their next friend. In the proceedings now under consideration, the pleadings did not disclose that J. C. Midkiff was related to Susie Midkiff and described him as her guardian only. This must have been intended and understood to mean that he had become her guardian by appointment and qualification in the manner prescribed by law. Besides, in Martin v. Weyman, the father who sued as natural guardian died and the court appointed a guardian ad litem for the minor plaintiffs before the judgment was rendered. So, when the judgment was rendered, they were represented by a guardian selected by the court.

The land in suit was the separate property of Mrs. Hewett's mother, Mary Jane Midkiff, who is now dead. The undisputed testimony shows that C. S. Midkiff, Mrs. Hewett's father, who is still alive, was the husband of Mary Jane Midkiff at the time of her death, and therefore inherited a life interest in one-third of the land. The defendants hold under C. S. Midkiff by mesne conveyances purporting to convey the fee, which necessarily, we think vest in them C. S. Midkiff's life estate. Hence we sustain the twenty-first assignment of error, which complains of the action of the court in rendering judgment which deprives the defendants in the court below of the life estate so obtained by them.

It may be necessary to hear further testimony, in order to make an equitable partition and determine the amount, if any, of the defendant's liability for use of the premises. Therefore the judgment will be reversed and the cause remanded.

*Reversed and remanded.*