McKENZIE v. FREY et al.   (No. 729.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1917.)

1. JUDGMENT ⬳415 — EQUITABLE RELIEF — RECEIVER OF ESTATE OF INSANE PERSON.

That orders of the court appointing receiver of the estate of a person of unsound mind were not entered of record upon the minutes of the court, as required by Rev. St. 1911, art. 4088, is sufficient to void a judgment taken by the receiver as such in case of direct attack upon the judgment.

2. JUDGMENT ⬳525 — CONSTRUCTION — RECITALS — SUIT BY RECEIVER OF ESTATE — PROSECUTION AS NEXT FRIEND.

Where the purported receiver of the estate of an insane person sued as such, and, realizing that he had no authority as receiver to enter into a particular agreed judgment, sought to make the same effective by reciting that he recovered both as receiver and next friend, but under his allegations he did not in fact prosecute the suit as next friend, the recital in the judgment was not a recognition of him in such capacity.

3. JUDGMENT ⬳442—SETTING ASIDE—FRAUD AND COLLUSION—INSANE PERSON.

Where plaintiff was insane when judgment denying cancellation was entered in suit by the receiver of her estate to cancel her deed, so that any proceedings had were without her knowledge or consent, while no orders were entered of record authorizing her purported receiver to prosecute the suit in her name for her benefit or otherwise, and he did not appear before the court in any pleading as next friend, and she had title to the land involved, and was deprived of it, while insane, through the fraud and collusion of her purported receiver and her grantees, she was entitled to have the judgment set aside by a court of equity.

4. INSANE PERSONS ⬳67 — AVOIDANCE OF CONVEYANCE—TENDER BACK OF CONSIDERATION.

Where plaintiff, an insane person, deeded away her land, receiving no money, while none of the purchase-money notes were delivered to her, a defendant by fraud obtaining possession of the instruments, plaintiff was not called upon to make any tender back to defendants in her suit to cancel her deed.

5. CANCELLATION OF INSTRUMENTS ⬳35(1)— PARTIES—TRANSFEREE OF PURCHASE-MONEY NOTE.

The transferee of a purchase-money note given for land is not a necessary party to the vendor's suit to cancel her conveyance on the ground of fraud, etc., if he has a valid subsisting lien to secure payment of his note, and desires to foreclose it, judgment in the vendor's suit for cancellation cannot affect his rights; his lien following the title.

6. JUDGMENT ⬳460(4) — PLEADING — SUFFICIENCY OF ALLEGATIONS.

In suit by a formerly insane person to set aside judgment in her receiver's suit denying cancellation of her deed, to cancel the deed, to remove cloud on title, etc., plaintiff's allegations of fraud chargeable to a defendant *held* sufficient to form the basis of a judgment in her favor for the relief prayed for, the return of her land, and reasonable rents.

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by Eliza McKenzie against W. H. Frey and others. From judgment for defendants on demurrer to the petition, plaintiff appeals. Cause reversed and remanded for trial upon its merits.

Hickman & Bateman and B. E. Cook, all of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellees.

HARPER, C. J. This suit was brought by Eliza McKenzie against W. H. Frey, C. Henry and wife, Cora Henry, to set aside a judgment to cancel deed, to remove cloud and for title to certain real estate, etc. Her petition contains the following allegations:

That on April 25, 1913, plaintiff executed to defendant Henry an instrument which in form was a general warranty deed, conveying certain lands (described) for a consideration of $200 cash, and the balance in vendor's lien notes. That August 12, 1914, said Henry and wife conveyed the same lands to defendant W. H. Frey for a consideration of $5 cash and the cancellation of the last notes above mentioned, and the further consideration that said Frey take said land subject to $800 note payable to the order of Charles L. Kribs. That during all these times she was of unsound mind, unable to understand the nature and consequences of her acts, wherefore she prays that such deed was not operative and binding upon her, etc.

Again: That she is the widow of Oliver McKenzie, who, upon his death, left much property. That one Lucas McKenzie, not related, but raised by them, was her confidential manager. That the latter and C. Henry, by threats, coercion, and false and fraudulent statements, induced the execution of said deed. That no consideration passed to her. That no notes were ever delivered to her.

That May 5, 1913, a petition was filed in this court, signed by J. B. Keith and J. A. Johnson, as attorneys for W. D. Bennett, which recited that on the 3d day of May, 1913, said Bennett was appointed receiver of her estate by the county court of Erath county, and that Bennett was directed to institute the said suit. That said petition recited the facts as to the deed from plaintiff to Henry substantially as hereinabove, and prayed that the deed be canceled. That an agreed judgment was entered in that suit No. 3803, substantially as follows (we copy such parts of it as seem pertinent to this appeal):

"This day the cause came on for trial; came W. D. Bennett, receiver in estate of Eliza McKenzie, and as her next friend, by his counsel, and defendants C. Henry and Cora Henry, by their counsel, and presented a written agreement for the settlement of the cause [here the agreement is copied] and [then judgment recites] that Bennett, as receiver and next friend, take nothing by this suit. That Henry and wife take title to the land subject to certain notes of said Henry in favor of plaintiff with vendor's lien upon the land. [Then alleges that if Bennett was appointed receiver of the McKenzie estate, no order was ever entered upon the minutes of the probate court of Erath county. Is therefore void.]

"(10) Plaintiff says that after a diligent search in the records of the county clerk of Erath county, she has been unable to find the decree appointing the said W. D. Bennett receiver of her estate, and does not know the pro-

visions thereof, the powers therein contained, nor the date when same was made, but says that if same was made on April 3, 1913, as alleged in the petition filed in said cause No. 3803, then in that event the deed heretofore mentioned from plaintiff to said C. Henry is void, because same was made after plaintiff was adjudged to be of unsound mind and her affairs placed in the hands of said receiver. That if said decree was issued on May 3, 1913, as recited in the order of dismissal above described, then in that event said decree was void, because plaintiff was at that time a resident of Palo Pinto county, Tex., and not of Erath county, Tex.; that no notice of receivership proceedings was given, no hearing thereon, and she had no day in court, and at any and all events plaintiff says that said order appointing W. D. Bennett receiver of her estate, if same was ever entered, was void and never took effect because same was not recorded in the minutes of the county court of Erath county, Tex., and the clerk of said court did not indorse thereon a certificate that it had been so ordered. * * *"

That said Bennett therefore was never authorized to enter into the said judgment. It was therefore void. That if the appointment was regular, it was temporary, only until a guardian might be appointed. That same ceased to be in effect the next term of county court unless same was continued in force by an order upon the minutes. That no such order was entered though three terms of court had passed prior to the date of the judgment.

That in cause 3803 above, Henry and wife pleaded that the appointment of Bennett as receiver was void because Mrs. McKenzie was not a resident of Erath county, but of Palo Pinto county, and that Bennett, realizing that he was without authority, entered into the agreed judgment, and sought to make same effective by reciting therein that he recovered both in the capacity of receiver and of "next friend." That the suit having been filed and prosecuted as receiver, the court was without authority to enter a binding judgment in favor of next friend.

That in the alternative, and that event only, that this court should hold that Bennett had authority to agree to said judgment as next friend, the judgment should be opened and vacated because her interests were not protected in any degree. That $2,500 worth of property was given away without one cent to plaintiff. Therefore invokes the equity powers of the court.

Further alleges: That defendant Frey was a surety upon the bond of Bennett as receiver, and was fully informed of the facts of receivership. That he knew the infirm condition of plaintiff's mind. That he is and was at all times mentioned the active president of the Farmers' National Bank of Stephenville. That he, by an unlawful and fraudulent scheme, caused plaintiff to transfer to said bank, while she was insane, as known to said Frey, in that, through Lucas McKenzie, well knowing his influence with plaintiff, note No. 1 of the series above described, and a short time after for the purpose of protecting said bank and himself, had the defend-

ants C. Henry and wife to borrow from one Charles L. Kribs upon said property. That she received no consideration for said transfer of this note, but same was squandered in the receivership proceedings and by Lucas McKenzie and that Frey participated therein by delivering the money to others than plaintiff. That in furtherance of his unlawful scheme said Frey procured the balance of said series, $3,000, in the following manner: That while plaintiff was residing in Anderson county, said Frey procured said C. Henry to act as a go-between, because he well knew of the latter's influence over her, to secure a transfer of said notes whilst she was still insane, and had been so adjudged, and this well known to defendant Frey, in that said Henry was paid $500 to go to Anderson county and procure the notes for $1,500. That the money was furnished through his bank to defray his expenses for the trip. That the transfer of said notes was made through the coercion and undue influence of said Lucas McKenzie and said C. Henry whilst she was of unsound mind, had been so adjudged, and these things well known to said Frey. That the transfer was made for a grossly inadequate consideration, which was squandered by other persons with the knowledge in advance of said Frey.

"Plaintiff says that shortly after said defendant Frey obtained possession of said notes and after this plaintiff had been adjudged to be sane by the county court of Erath county, Tex., and said defendant Frey then began negotiations with the defendant Henry for the said Henry to convey the said land to him in settlement of said notes, and that thereafter, on the 12th day of August, 1914, said defendant C. Henry joined by his wife, did convey said land to the defendant Frey as hereinbefore alleged in this petition, and the said Frey is now claiming the same, and is in possession thereof. That such possession is hostile to and adverse to plaintiff's possession. That same casts a cloud upon her title, and is inconsistent with the right of ownership and possession vested in this plaintiff. * * *

"Plaintiff will further show the court: That since removing to Anderson county, Tex., her physical condition has improved, and her mental faculties have again become sound. That she was restored to a sane condition of mind on or about the 1st day of October, 1914, and as soon as she realized fully the fraud and schemes that had been practiced upon her by defendants as herein alleged, she at once and within a reasonable time repudiated said transactions, and here now repudiates same and invokes the legal and equitable powers of this court to set aside and hold for naught all of said transactions, quiet her title and possession of her property, and remove the cloud cast upon her title thereto by the transactions hereinbefore set out.

"Plaintiff further shows the court: That she has been deprived of the rent and rental value of said land for three years. That the rental value thereof was $300 per year. That same has been appropriated by the defendants W. H. Frey and C. Henry, and she here now sues for said rents and for the rental value of said premises in addition to the other relief herein sought. Plaintiff will further show to the court: That the said W. D. Bennett is now dead. That he died insolvent.

"Wherefore, the premises considered, plaintiff prays the court that upon final hearing hereof the agreed judgment heretofore rendered in this court on the 1st day of December, 1913, above referred to, be opened, vacated, set aside and held for naught; that the deeds described in this petition be canceled; that the transfers of vendor's lien notes described in this petition be also canceled; that she have judgment for title and ownership of the land and premises herein described, for writ of possession, and that she be quieted in her title to said land and premises; that the cloud be removed therefrom; that she have judgment against the defendants W. H. Frey and C. Henry, and each of them, for $900 for rental value for her said premises, for all costs of suit, and for such other and further relief, special and general, in law and in equity, that she may show herself justly entitled, for which she will ever pray," etc.

The trial court sustained a general demurrer, from which this appeal is prosecuted.

Appellant, by one assignment and many propositions, asserts that the above petition is good upon general demurrer, and that the court erred in sustaining it.

The effect to be given the judgment in the suit brought by the receiver is the principal question for our determination.

The sufficiency of the allegations of fraud and insanity in securing the deed from Mrs. McKenzie to Henry is not questioned, but appellee insists that the judgment confirmed it, and that such judgment cannot now be set aside. This depends upon the answer to the questions:

First. Was Bennett authorized by a valid, subsisting order of a court of competent jurisdiction to bring the suit as receiver? Article 4088, R. S. 1911, provides for the appointment of receivers of the estate of a person of unsound mind to take charge of the estate until a guardian can be regularly appointed. It further provides that such appointment and orders shall be recorded in the minutes of the court, and shall specify the duties and powers of such receivers. The allegation as to this is "that if Bennett was ever appointed receiver, such appointment was void because appellant was not a resident of the county where the appointment was sought to be made, and that no orders ever appeared upon the minutes of the court as required by statute."

[1] The charge that these orders were not entered of record upon the minutes of the court is sufficient to void the judgment taken by Bennett as receiver in cases like this of direct attack upon the judgment entered. Kelsey v. Trisler et al., 32 Tex. Civ. App. 177, 74 S. W. 64.

Second. The appellee insists that, since the judgment shows that Bennett appeared both as receiver and as next friend, if he was not authorized as receiver to agree to the judgment, he having been recognized as next friend and permitted to act by the court, it was tantamount to an appointment. It seems clear that if this suit had been brought by Bennett as next friend, and the court had recognized him as such by entering the judgment complained of, and no fraud practiced upon the court, it should be upheld, but that

is not the state of facts here alleged. On the contrary, plaintiff says that the suit was brought as receiver, and that he, realizing that he had no authority as receiver to enter into such an agreed judgment, sought to make the same effective by reciting that he recovered both as receiver and as next friend; that she has been deprived of her property without remuneration; that if the court had been informed of the facts, as he was not, he would not have approved of the agreed judgment, and appeals to equity.

[2] The effect of these allegations is that Bennett did not prosecute the suit as next friend, but recited such in the judgment as a pretext or as a saving clause to the validity of the judgment. Under this state of facts, it could not be held that Bennett in fact prosecuted the suit as next friend, nor that such recital in the judgment was a recognition of him in such capacity.

[3] The allegations of this petition are of a positive nature; that plaintiff at the time this judgment was taken was insane; therefore any proceedings had were without her knowledge or consent; that no orders were entered of record authorizing Bennett as receiver to prosecute the suit in her name for her benefit or otherwise; that he did not appear before the court in any pleading as next friend; that she had title to the land; and that through fraud and while insane she has been deprived of it. These facts would entitle her to have this judgment set aside by a court of equity. Stephens v. Hewett, 22 Tex. Civ. App. 303, 54 S. W. 301.

[4] Appellee urges that the petition does not offer to do equity, in that a recovery thereon would give her the land and leave her in possession of the notes also. She alleges that she received no money, and that none of the notes were delivered to her; also alleged that defendant Frey by fraud obtained possession of them, and now holds them. Under such state of facts she was not called upon to make any tender. Rowan v. Hodges, 175 S. W. 847.

Appellee further urges that the petition is subject to general demurrer, because it is shown by its allegations that after plaintiff conveyed the land in controversy she transferred note No. 1 to the bank, and that in turn the bank transferred it to one Kribs, and that he now holds it, and that she nowhere offers to take the land subject thereto, nor was the said Kribs made a party to this suit, nor has she offered to do equity in respect thereto.

[5] Kribs is not a necessary party to this suit, for if he has a valid, subsisting lien upon the land in controversy to secure the payment of his note and desires to foreclose it, the judgment in this case could in no wise affect his rights in this respect, for his lien would follow the title.

[6] Appellee further urges that because the petition shows that the judgment vested the title in Henry subject to the vendor's lien notes, five for $750 each, she is not entitled to the relief sought. These notes she alleges were fraudulently obtained from her by C. Henry under an agreement with defendant Frey, and asks that they be canceled. All that she asks is that she have her land and reasonable rents. The allegations of fraud chargeable to said Frey are sufficient to form the basis of a judgment in her favor for the relief prayed for.

We are therefore of the opinion that the court erred in sustaining the general demurrer. The cause must therefore be reversed and remanded for trial upon its merits; and it is so ordered.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.