## KUYKENDALL v. VADEN.

### No. 11497.

Court of Civil Appeals of Texas.
San Antonio.
March 29, 1945.

Rehearing Denied April 25, 1945.

Harry B. Berry, of San Antonio, for appellant.

Grover C. Gilland, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Frank S. Vaden in the Justice's Court of Bexar County against J. Edwin Kuykendall, seeking to recover damages resulting to his automobile as a result of a collision. Vaden prevailed in the Justice's Court, and an appeal was taken to the County Court at Law No. 1 of Bexar County, where a trial before a jury resulted in judgment being rendered in Vaden's favor in the sum of $61.25, from which judgment Kuykendall has prosecuted this appeal.

Appellant's first point complains of the failure of the trial court to submit to the jury the question of agency.

The evidence shows that on the morning of March 6, 1944, a collision occurred between Vaden's automobile and a truck alleged to be owned by Kuykendall, at the intersection of McCullough and Melrose Avenues, just north of the City of San Antonio. The driver of the truck was one Louis Luna. The question as to whether or not Louis Luna was the agent of Kuykendall, or in the course of his employment, at the time of the collision, was not submitted to the jury. Appellant objected to the court's charge, for such failure, and requested issues upon this matter. The objection was overruled and the issues refused. After the collision, both drivers got out of their automobiles and, according to appellee, the boy, Louis Luna, said to appellee, "I will go and phone my boss and he will be here in a few minutes and we will pay you for the damage to your car." The court ultimately excluded all the statement, except "I will go and phone my boss and he will be here in a few minutes." In a few minutes, J. E. Kuykendall did appear and engage in a conversation with appellee, which might well indicate that he was the owner of the truck. There was an admission in an abandoned pleading filed in the Justice's Court, that Louis Luna was an employee of Kuykendall, but this pleading was not offered in evidence, and being an abandoned pleading could not be considered as evidence by the jury.

This evidence was insufficient to conclusively establish either that Louis Luna was an employee of Kuykendall or that he was acting in the course of his employment at the time of the collision. Therefore, such questions were matters which should have been submitted to the jury.

The case of Brown Express, Inc. v. Arnold, 138 Tex. 70, 157 S.W.2d 138, is directly in point. In that case there was a collision between an automobile driven by one Arnold and one driven by one Walker. Walker was an employee of Brown Express, Inc., and the automobile he was driving belonged to Brown Express, Inc., but the evidence did not go further and show that at the time of the collision Walker was acting in the due course of his employment. The Commis-

sion of Appeals of the Supreme Court held that the evidence was insufficient to show that the Brown Express, Inc., had committed a trespass. In the case at bar there is no evidence showing whether Louis Luna was pursuing his master's business at the time of the collision or was on a mission of his own.

See also: 2 Tex.Jur. 500, § 103; 29 Tex. Jur. 411, § 242; Mitchell v. Gibson, Tex. Civ.App., 160 S.W.2d 79; Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112; Longhorn Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164.

The judgment will be reversed and the cause remanded.