HARDWARE MUTUAL CASUALTY COMPANY, Appellant,

v.

Donnie Ray STYRON, Appellee.

No. 4264.

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

Rehearing Denied Oct. 22, 1964.

Bean & Manning, Frank M. Bean, Houston, for appellant.

McClure & Lucas, Harold Lloyd, Houston, for appellee.

WILSON, Justice.

Appellant's eight points in a workmen's compensation case all relate to an asserted "judicial admission" by claimant in a federal court appeal from the same award which is involved here. Appellant says it appealed to the United States District Court from the award, that appellee-claimant filed a pleading there praying for compensation in a sum below the jurisdiction of that court, and that the federal court case was then dismissed for lack of jurisdiction on his motion. It contends claimant's federal court pleading was an "unretracted judicial admission" which precluded recovery of 401 weeks' compensation at the maximum rate for which judgment was rendered in the present case.

These contentions were presented by a special exception which was a speaking demurrer, by a motion in limine, by objections to testimony and the charge, by motion for judgment non obstante veredicto, and by motion for new trial. Appellant's points complain of adverse action of the trial court on each of these.

■■ The federal court pleading which is said to constitute the admission was never tendered in evidence on the trial of the case; during the trial there was no effort to prove it; its existence was only pleaded. For the first time, at a hearing on motion for new trial, did appellant ask leave to introduce the pleading in evidence "to assure that it is before the appellate court." It then came too late. Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729; Houston, E. & W. T. Ry. Co. v. DeWalt, 96 Tex. 121, 70 S.W. 531, 537; McMillin v. Wilson, Tex.Civ. App., 121 S.W.2d 1029, 1031; Hickman v. Cooper, Tex.Civ.App., 210 S.W.2d 858, 861, writ ref. n. r. e.; Borel v. United States Casualty Co., 5th Cir., Tex., 233 F.2d 385; 2 McCormick and Ray, Texas Law of Evidence, Sec. 1146; 45 Tex.Jur.2d Sec. 88, p. 530. A motion for new trial may not be made the vehicle for introduction of evidence, not purporting to be newly discovered, which should have been earlier introduced. Affirmed.